# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EDWARD R. FORCHION,<br>a/k/a NJWeedman<br><br>_Plaintiff,_<br><br>v.<br><br>PHILIP D. MURPHY,<br>Governor of the State of New Jersey,<br><br>_Defendant._ | Civil Action No.:<br>3:20-cv-16582-PGS-TJB<br><br>**MEMORANDUM AND ORDER<br>GRANTING DEEFENDANT'S<br>MOTION TO DISMISS** |

This case is before the Court on Defendant Governor Philip D. Murphy's ("the Governor") Motion to Dismiss Plaintiff Edward R. Forchion's ("Plaintiff" or "Forchion") First Amended Complaint (FAC).[1] (ECF No. 26). The principal argument of the Governor is that Plaintiff has no standing to initiate this lawsuit in federal court. Oral argument was held on February 23, 2022. For the reasons stated herein, the Governor's motion is granted.

## I.

Although most of the facts are the same as the initial complaint, there are some new facts concerning standing. Those facts are set forth below.

Forchion avers that he has standing because he is a federal and state taxpayer, and a registered voter. (ECF No. 22 ¶16). Forchion contends that he has "suffer[ed] direct and significant harm, including selective prosecution, racial discrimination, [and] unequal protection

---

[1] Former Attorney General Gurbir Grewal and former Acting Attorney General Andrew Bruck were – for the first time – also named as defendants in the FAC, but no summonses were ever filed with the clerk's office as required by Fed. R. Civ. P. 4. The Attorney General representing the Governor indicated that she also represented Grewal and Bruck. Because Forchion lacks standing to bring this suit, any claims he may have against Grewal and Bruck in their official or individual capacities are also dismissed.

under the law . . . ." (*Id.* at ¶8). According to Forchion, "Attorney General Grewal sent cease-and-desist letters to NJ Green Direct, Sky High Munchies, Slumped Kitchen and West Wind Wellness for offering free cannabis 'gifts' . . ." (*Id.* at ¶ 13). West Winds Wellness was raided and seven employees were charged with conspiracy and distribution of marijuana. (*Id.*).

Forchion acknowledges that he "fail[s] to assert that he has attempted to apply for a marijuana distribution license." (*Id.* at ¶15). And during oral argument he indicated that he had still not applied. He "believes" when, and if he does apply, the application "will be rejected due to his race." (*Id.*). Forchion further states that his present business in the marijuana trade will be adversely impacted by the Caucasian people who gain a distribution license while Black people like him will suffer a discriminatory rejection. (*Id.* at ¶1). Acknowledging the above may be considered "conjectural", he seeks "prospective equitable relief . . . by the fact that he has in the past, and will undoubtedly in the future, be subject to criminal prosecutions under the State's marijuana laws." (*Id.* at ¶15). Forchion alleges that "he operates under constant threat of arrest and his business can . . . be raided and closed" like West Winds Wellness. (*Id.*). Forchion alleges he is presently subject to a marijuana prosecution in Hightstown, New Jersey, and was held as a pretrial detainee for eighteen months on "a bogus witness tampering charge" on which he was exonerated, (*Id.* at ¶29).

As in the original complaint, the same issue with standing arises again based upon the above allegations. The Governor seeks to dismiss the FAC under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim for which relief may be granted. (ECF No. 26).

## II.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction can be made either facially or factually. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977)). In a facial attack, a district court only considers the allegations from the complaint and any documents attached thereto in a light most favorable to the plaintiff. In reviewing a factual attack, a court may consider evidence presented outside the pleadings. *Id.* "An attack on standing under Rule 12(b)(1) prior to the filing of an answer is a 'facial attack' and is considered under the same standard as a motion under Rule 12(b)(6)." *Willekes v. Serengeti Trading Co.*, 783 Fed. Appx. 179, 183 (3d Cir. 2019). "Under Rule 12(b)(6), a court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the nonmoving party to 'determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

The initial question before the Court is that of jurisdiction. *Soc'y Hill Towers Owners' Ass'n v. Rendell*, 210 F.3d 168, 175 (3d Cir. 2000). Judicial authority requires the existence of a case or controversy. U.S. Const. art. III, § 2. The question is critical to address fully before any discussion of the merits of the case. A judgment on the merits without jurisdiction would essentially amount to an advisory opinion, which the Supreme Court has long held to be counter to the role of federal courts. *Muskrat v. United States*, 219 U.S. 346, 362 (1911); *Hayburn's Case*, 2 Dall. 409 (1792).

Article III constitutional standing requires the following three elements: (1) The plaintiff must have suffered an injury in fact that is actual or imminent, not conjectural or hypothetical; (2) the injury has to be fairly traceable to the challenged action of the defendant; and (3) it must

be likely that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). The injury must be "particularized" by "affect[ing] the plaintiff in a personal and individual way"; it also must be "concrete" and "actually exist." *Spokeo*, 578 U.S. at 339-40. The plaintiff bears the burden to prove these elements. *Lujan*, 504 U.S. at 560–61. The level and manner of proof change with successive stages of the litigation as subject matter jurisdiction may be raised at any time. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990); *see* Fed. R. Civ. P. 12(h)(3). At the pleading stage, the plaintiff must "clearly allege facts demonstrating" each element. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (internal quotation marks omitted).[2]

Like the original complaint, the FAC does not allege any actual or imminent harm suffered by Forchion as a result of the Governor's alleged unconstitutional and unlawful actions. The FAC realleges the same facts about the interpretive statement of the 2020 referendum misleading voters. (FAC at ¶¶29, 31-33). The FAC also realleges the same history between Forchion and law enforcement as the original complaint as well as the same speculation that the regulation of cannabis in New Jersey will disproportionately harm people of color. (FAC at ¶¶ 50-52, 60-62, 64-66). It also realleges the same points about New Jersey's legalization of cannabis conflicting with federal law. (FAC at ¶¶75, 82).

The FAC adds several recent arrests, (FAC at ¶63), some of which were addressed previously. *See* (ECF No. 19 at 8-9). Critically, the FAC does not allege how these arrests arise from or directly relate to the state constitutional amendment or the regulatory scheme aside from

[2] Forchion's reliance – throughout his papers – on New Jersey's more liberal standing requirements is misplaced. Although Forchion has alleged causes of action based on New Jersey law, (FAC at ¶¶113-17), the federal requirements for standing apply to these causes of action in federal court. *Clark v. Prudential Ins. Co. of Am.*, 736 F. Supp. 2d 902, 924-25 (D.N.J. 2010); *see Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co.*, 267 F.3d 340, 348 (3d Cir. 2001).

4

the speculative allegation that those laws will result in the selective prosecution of Forchion.

(FAC at ¶63).  Additionally, the FAC adds allegations specifically addressing standing, (FAC at

¶¶15-27), but these allegations merely state legal conclusions insufficient to defeat a Rule

12(b)(1) motion to dismiss.  *Willekes*, 783 Fed. Appx. at 183.  In sum, Forchion's FAC fails to

allege a concrete injury, so Forchion lacks standing to bring his complaint.  *Spokeo*, 578 U.S. at

340.

Because the FAC is dismissed for lack of subject matter jurisdiction, it is unnecessary to

reach the other issues raised by the parties.  Since the complaint has been amended on at least

one occasion, it is futile to allow another amendment.

## ORDER

**THIS MATTER** having come before the Court on Defendant's Motion to Dismiss

Plaintiff's FAC (ECF No. 26); and the Court having carefully reviewed and taken into

consideration the submissions of the parties, as well as the arguments and exhibits therein

presented; and for good cause shown; and for all of the foregoing reasons,

**IT IS** on this 9th day of March, 2022,

**ORDERED** that Defendant's motion to dismiss is **GRANTED** and the First Amended

Complaint is **DISMISSED WITH PREJUDICE.**

The Clerk is directed to close the file.

_____
PETER G. SHERIDAN, U.S.D.J.